**Steven M. De Falco – Pro Hac Vice (Applied)**
**Florida Bar #0733571**
**Meuers Law Firm, P.L.**
**5395 Park Central Court**
**Naples, FL 34019**
**Telephone: (239) 513-9191**
**Facsimile: (239) 513-9677**
**sdefalco@meuerslawfirm.com**

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tanita Produce Company, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Valencia Produce & Food Service, Inc., an Arizona corporation doing business as Valencia Produce; Luz Valencia, an individual; and Juan Valencia, an individual,<br><br>Defendants. | Case No. |

## COMPLAINT

Plaintiff, Tanita Produce Company, Inc. seeks to recover damages against Defendant, Valencia Produce & Food Service, Inc., doing business as Valencia Produce, Inc. for breaching the parties' contract; and to enforce its rights under federal, state, and the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t against Defendants.

## PARTIES

1. Plaintiff is Tanita Produce Company, Inc. ("Tanita"), an Arizona corporation with Phoenix, Arizona serving as its principal place of business.

2. Defendants are:
   (a) Valencia Produce & Food Service, Inc., an Arizona corporation doing business as Valencia Produce ("Valencia Produce"). Valencia's principal place of business is located in Phoenix, Arizona.
   (b) Luz Valencia, an individual who, upon information and belief, resides in this district.
   (c) Juan Valencia, an individual who, upon information and belief, resides in this district.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §1331, because Tanita's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. This Court has supplemental jurisdiction over all other claims Tanita has asserted against Defendants under 28 U.S.C. §1367(a).

## VENUE

5. This venue is proper under 28 U.S.C. §1391(b), because a substantial part of the events and omissions underlying this lawsuit occurred in this district and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6. Tanita buys and sells wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce.

7. During the transactions at issue, Tanita was a commission merchant, dealer, or broker subject to PACA and held a valid PACA license, number 19890286, issued by the United States Department of Agriculture ("USDA").

8. During the transactions at issue, Valencia Produce was a commission merchant, dealer, or broker subject to PACA and held a valid PACA license, number 20031132, issued by the USDA.

9. In October and November, 2019, Tanita sold produce to Valencia Produce, in interstate commerce, totaling $15,521.00.

10. Valencia Produce accepted the produce from Tanita without objections.

11. Tanita issued and sent invoices to Valencia Produce reflecting the agreed upon quantity and amounts owed by Valencia Produce.

12. Valencia Produce failed to pay for the produce sold to it by Tanita.

13. Tanita's invoices to Valencia Produce included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest accruing at the rate of 21% per annum.

## CLAIMS FOR RELIEF

### COUNT I:  VALENCIA PRODUCE

### BREACH OF CONTRACT

14. Tanita re-alleges ¶¶1 through 13.

15. As detailed in ¶9, Tanita and Valencia Produce entered into contracts for Tanita to sell produce to Valencia Produce in interstate commerce.

16. Valencia Produce breached the contracts when it failed to pay for the produce delivered by Tanita.

17. Tanita fully performed all conditions precedent to the agreed contracts.

18. When Valencia Produce breached the parties' contracts, Tanita incurred damages in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Tanita seeks a Judgment in its favor and against Valencia Produce in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, where applicable.

## COUNT II: DEFENDANTS
## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. §499e(c)

19. Tanita re-alleges ¶¶1 through 18.

20. As detailed in ¶9, Tanita and Valencia Produce entered into contracts for Tanita to sell produce to Valencia Produce in interstate commerce.

21. Valencia Produce held a valid PACA license during the transactions.

22. When Valencia Produce received the produce, it became a trustee of the PACA trust for Tanita's benefit in an amount no less than $15,521.00.

23. As a holder of a valid PACA license, Tanita preserved its rights as a PACA trust beneficiary of Valencia Produce by including the required statutory statement on the face of its invoices and timely sending them to Valencia Produce.

24. Valencia Produce failed to pay for the produce sold to it by Tanita.

25. Tanita is an unpaid produce supplier and seller and is entitled to PACA trust protection and payment from Valencia Produce's assets that are subject to the PACA trust.

For these reasons, Tanita seeks an Order declaring that it holds a valid PACA trust claim in an amount no less than $15,521.00 against Valencia Produce, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT III:  VALENCIA PRODUCE

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. § §499e(c)*

26.  Tanita re-alleges ¶¶1 through 25.

27.  Assets subject to the PACA trust include Valencia Produce's inventories of produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

28.  Valencia Produce must hold the PACA Trust Assets for Tanita's benefit.

29.  Valencia Produce failed to use the PACA Trust Assets to pay Tanita for the produce purchases and sales described in ¶¶9, 20.

30.  Tanita has suffered damages in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Tanita seeks an Order directing Valencia Produce to immediately pay to Tanita, as its PACA trust beneficiary, PACA Trust Assets in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV: VALENCIA PRODUCE

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
### 7 U.S.C. §499b(4)

31. Tanita re-alleges ¶¶1 through 30.

32. Valencia Produce received the produce shipments described in ¶¶9, 20.

33. Valencia Produce, as a PACA trustee, must hold the PACA Trust Assets in trust for Tanita and other unpaid produce sellers and suppliers that hold valid PACA trust claims, if any, until all have received full payment.

34. Valencia Produce failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including the claims Tanita has asserted in this action.

35. Tanita has suffered damages resulting from Valencia Produce's failure to maintain and protect the PACA Trust Assets from dissipation in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Tanita seeks a common fund from which all PACA trust beneficiaries may receive payment by entering an Order:

(i) Directing Valencia Produce to maintain PACA Trust Assets in an amount no less than $15,521.00, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims;

(ii) Directing Valencia Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

(iii) Enjoining Valencia Produce from dissipating PACA Trust Assets.

## COUNT V: VALENCIA PRODUCE
### FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

36. Tanita re-alleges ¶¶1 through 35.

37. PACA requires Valencia Produce, a PACA licensee, to tender full payment promptly to its unpaid produce suppliers and sellers.

38. Valencia Produce failed to pay for the produce supplied by Tanita within the payment terms for each transaction.

39. Tanita has incurred damages resulting from Valencia Produce's failure to pay promptly in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Tanita seeks an Order directing Valencia Produce to immediately pay Tanita an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VI: LUZ VALENCIA AND JUAN VALENCIA
### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

40. Tanita re-alleges ¶¶1 through 39.

41. During the transactions at issue, Luz Valencia and Juan Valencia (the "Individual Defendants") were officers, directors, shareholders, and principals of Valencia Produce.

42. Individual Defendants were each listed as a "Reported Principal" on Valencia Produce's PACA license.

43. Individual Defendants controlled, or were in a position to control Valencia Produce's PACA Trust Assets.

44. Individual Defendants had full knowledge and responsibility for Valencia Produce's operations and financial dealings.

45. Individual Defendants had duties to ensure that Valencia Produce fulfill its duties as trustee of the PACA trust.

46. Individual Defendants had fiduciary duties to ensure that Valencia Produce maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

47. Valencia Produce breached its fiduciary duty as PACA trustee by failing to maintain sufficient PACA Trust Assets.

48. Individual Defendants breached their respective fiduciary duties by failing to ensure that Valencia Produce fulfill its duties as PACA trustee.

49. Tanita has suffered damages when the Individual Defendants breached their respective fiduciary duties in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Tanita seeks a judgment in its favor and against Individual Defendants – jointly and severally - in an amount no less than $15,521.00, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies Tanita receives from the PACA Trust Assets.

### COUNT VII: LUZ VALENCIA AND JUAN VALENCIA
### UNLAWFUL RETENTION OF PACA TRUST ASSETS

50. Tanita re-allege ¶¶1 through 49.

51. Upon information and belief, Valencia Produce transferred PACA Trust Assets to the Individual Defendants.

52. Any transfers of PACA Trust Assets by Valencia Produce to the Individual Defendants were in breach of the PACA trust, as such assets rightfully belong to Tanita and similarly situated PACA trust beneficiaries of Valencia Produce.

53. Individual Defendants have received PACA Trust Assets subject to Tanita's PACA trust claims for no value and with actual or constructive knowledge of Tanita's PACA trust rights.

54. Individual Defendants' unlawful retention of assets impressed with Tanita's PACA trust has resulted in damages to Tanita in an amount totaling the value of the PACA Trust Assets they received, less any PACA Trust Assets Tanita recovers directly from Valencia Produce.

55. Tanita seeks an Order:

(i) Directing the Individual Defendants to hold any PACA Trust Assets in their respective possession or control in constructive trust for the benefit of Tanita;

(ii) Directing the Individual Defendants to pay an amount totaling all of the assets they each received that were impressed with the PACA trust to Tanita; and

(iii) Entering Judgment against the Individual Defendants – jointly and severally - in an amount totaling all of the assets they received that were impressed with the PACA trust to the extent of $15,521.00, plus interest, costs, and attorneys' fees upon proof, less any recovery of PACA Trust Assets from Valencia Produce.

**FOR THESE REASONS,** Tanita requests:

A. On Count I, a Final Judgment in its favor and against Valencia Produce, in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

B. On Count II, an Order declaring that Tanita holds a valid PACA trust claim in an amount no less than $15,521.00 against Valencia Produce, and that its valid

PACA trust claims include interest from the date each invoice became past due, costs and attorneys' fees;

C.  On Count III, an Order directing Valencia Produce to immediately pay PACA Trust Assets to Tanita equal to an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

D.  On Count IV, an Order creating a common fund from which all PACA trust beneficiaries may receive payments; directing Valencia Produce to maintain PACA Trust Assets in an amount no less than $15,521.00, plus the claims of all other unpaid produce sellers and suppliers that properly preserved their PACA trust claims, directing Valencia Produce to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Valencia Produce from dissipating PACA Trust Assets;

E.  On Count V, an Order directing Valencia Produce to immediately pay Tanita the amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F.  On Counts II through V, a Final in its favor and against Valencia Produce, in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

G.  On Count VI, a Final Judgment in its favor and against Luz Valencia and Juan Valencia – jointly and severally - in an amount no less than $15,521.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Tanita receives from the PACA Trust Assets;

H.     On Count VII, an Order directing Luz Valencia and Juan Valencia to hold any PACA Trust Assets they possess and control in constructive trust for Tanita; directing Luz Valencia and Juan Valencia to pay Tanita an amount totaling all PACA Trust Assets received by then; and entering Judgment against Luz Valencia and Juan Valencia in an amount totaling all PACA Trust Assets they received to the extent of $15,521.00, plus interest, costs, and attorneys' fees upon proof, less any recovery of PACA Trust Assets from Valencia Produce; and

I.     Providing all other relief this Court deems appropriate upon consideration of this matter.

Respectfully submitted on February 10, 2020.

**MEUERS LAW FIRM, P.L.**

By: /s/ Steven M. De Falco
Steven M. De Falco
(*Pro Hac Vice - Pending*)

*Attorneys for Plaintiff, Tanita Produce Company, Inc.*